**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK (CENTRAL ISLIP)**
-------------------------------------------------------X
**In Re:**                                                                              **Case no. 09-75322-reg**
     **PAYGE QUIGG,**
          **Debtor**                                                **ATTORNEY AFFIRMATION**

-------------------------------------------------------X

TO: **HON. ROBERT E. GROSSMAN**, United States Bankruptcy Judge:

    **ALAN H. WEINREB, ESQ.,** the undersigned, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

    1.    I am Managing Partner of THE LAW OFFICES OF ALAN WEINREB, PLLC, the attorneys for the mortgage holder, **American Home Mortgage Servicing, Inc**, hereinafter referred to as "APPLICANT", and as such am fully familiar with the facts and circumstances of this case.

    2.    I make this affirmation in support of APPLICANT'S Motion for an Order vacating the automatic stay imposed by virtue of 11 U.S.C. Section 362(a).

    3.    The Movant's application is brought pursuant to F.R.B.P. 4001 and Local Rules, for an Order: (1) modifying and terminating the automatic stay pursuant to 11 U.S.C. Section 362 (d)(1) permitting Movant to exercise all of its rights and remedies under the Note and Mortgage with respect to the Premises known as **402 Freestate Drive, Shirley, New York 11967;** and (2) granting such other and further relief as this Court deems just and proper.

    4.    That APPLICANT is a corporation duly authorized to operate under the laws of the State of New York, with an office for the conduct of business at 4875 Belford Road, Suite 130, Jacksonville, Florida**.**

    5.    That at all times hereinafter mentioned APPLICANT was the owner and holder of a certain mortgage dated **September 6, 2005** in the original amount of

**$296,000.00** duly recorded in the Office of the Clerk for the County of **Suffolk** in **Liber 21131** at **981** on **September 20, 2005**.  Copies of mortgage, note, and assignment of mortgages are attached herein.

6. That the said mortgage constitutes a first lien upon the premises known as **402 Freestate Drive, Shirley, New York 11967**, which premises comprise the principal residence of the debtor.  Said Premises is owned by the Debtor **Payge Quigg.** Therefore, this bankruptcy filing stayed the continuation of a foreclosure action.

7. That the Debtor filed a petition under Chapter 13 of the Bankruptcy Code on **July 18, 2009.**  The Debtor has failed to make her post petition mortgage payment for the month of August due on August 1, 2009 payment to Applicant.  The post petition amount in default through **August 3, 2009** is **$3,4530.69** and **$54.66** in late charges.

8. That the Debtor presently owes APPLICANT in total an amount in excess of **$298,259.81** and **American Home Mortgage Servicing, Inc.** is the current holder of the Note and Mortgage.

9. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for <u>cause</u>, including lack of adequate protection of an interest in property…"  As set forth above, cause exists to vacate the automatic stay as the Debtor has failed to make monthly mortgage payments to Secured Creditor.

10. That Movant, as a secured creditor and as the holder of said Mortgage, desires to commence and/or continue a foreclosure action against the Debtor to foreclose the lien of the Mortgage pursuant to the terms of the Note and Mortgage and to exercise all of its rights and remedies in law and in equity, under the laws of the State of New York, including, but not limited to, the right to obtain and enforce the terms and

conditions of a Judgment of Foreclosure and Sale and conducting a sale of the Premises.

11. The Note and Mortgage provide that the Movant may declare the principal of the Note then outstanding to be immediately due and payable, together with all accrued interest thereon and all advances made thereunder, in the event, <u>inter alia,</u> the Mortgagors fail to make any payment required by the Note or Mortgage and the failure continues for fifteen (15) days or if the Mortgagors fail to observe or perform any term, condition, or provision contained in the Note or the Mortgage.

12. That APPLICANT seeks an Order of relief from the automatic stay pursuant to 11 U.S.C. §362 (d) so as to continue its foreclosure proceedings in the Supreme Court of the State of New York, County of **Suffolk.**

13. **American Home Mortgage Servicing, Inc.** will furnish the Trustee with Notice of the Sale and Referee's Report of Sale so that in the event of a surplus, Trustee will be able to file a claim for surplus, if any, and if applicable.

14. Affiant respectfully submits that no novel issues of law are presented herein and requests that it be relieved of the requirement of filing a memorandum of law.

WHEREFORE, your Affirmant, as the attorney for APPLICANT, respectfully requests an Order of this Court vacating the automatic stay by virtue of 11 U.S.C. §362 (a) as to APPLICANT; granting APPLICANT leave to proceed with a foreclosure in the Supreme Court of the State of New York, County of **Suffolk**; and for such other, further and different relief as to this Court may seem just, proper and equitable.

Dated:  Syosset, New York
            August 21, 2009

/s/Alan H. Weinreb, Esq.
Alan H. Weinreb, Esq.